Tatior, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The question presented by the record, (for the case has been submitted without argument,) is, whether the Defendant has been properly convicted of not keeping the road in repair, upon the evidence of the commissioners appointed under the act of 1819, ch. 110 ? The objection to the conviction turns upon this, that by the act of 1810, ch. 35, three commissioners were appointed, whose duty it w'as made to examine the road, and make report of its state and condition at each County Court, and if it appeared from their report that the road was not kept in good order, then a prosecution was to be instituted against the proprietors. By the act of 1819, above referred to, the power of appointing the commissioners is vested in the County Court of Buncombe, the number reduced to two, and their duty prescribed $ amongst other things, of making information to the Grand Jury of the Superior Courts, when the road is out of repair. Upon this verdict, it must be taken for grant
 
 *348
 
 ed, that all the allegations in the indictment, necessary to shew the Defendant liable under the two acts, were supported at the trial; anti that Brittain and Dryman were appointed commissioners. If the Defendant’s objection were to prevail, this unjust consequence would follow, that he might avail himself of the extension of the charter granted by the act of 1819, and yet be irresponsible for the neglect of keeping the road in
 
 order;
 
 for there would be no persons empowered to make the view and give information of the condition of the road, since the commissioners appointed by the act of 1810 must have ceased to exist as such, when others were appointed according to the act of 1819. What is to becQine of the public interest in the mean time ? Was it the meaning of the charter to sacrifice
 
 that
 
 altogether to the emolument of the proprietors, or to combine both objects together ? That the road should be kept in order, was a duty of paramount obligation, which the public had a right to enforce
 
 ;
 
 and if the regulations made by the first act should appear ineffectual lor that end, the Legislature might change them from time to time. If no commissioners ever had been appointed, the proprietor of the road was nevertheless liable ; for the convenience of the public, and their interest in a highway, cannot be surrendered by implication. The evidence was admissible in every view, and the conviction is right.